## BENJAMIN BLINDMAN AND OTHERS v. INDUSTRIAL LOAN & THRIFT CORPORATION.[1]

May 24, 1935.

Nos. 30,161, 30,335.

*Benjamin Segal, Maurice Sher,* and *William W. Fink,* for appellants.

*William M. Serbine* and *Benjamin Pcilen,* for respondent.

I. M. OLSEN, JUSTICE.

Action to cancel a promissory note, given by plaintiffs to defendant, on the ground of usury. The trial was to the court without a jury. The court found as a fact that the claim that the note was usurious "is not sustained by the evidence and is wholly untrue." The court further found that the note was given for a loan of $1,000 by defendant to these plaintiffs. The note is for that amount and payable one year from its date, which is February 4, 1932. The

[1]Reported in 260 N. W. 867.

court ordered judgment dismissing plaintiffs' complaint and awarding recovery by defendant on its counterclaim of the unpaid balance on the note, with interest from its maturity, and for attorney's fees provided for in the note. Plaintiffs appeal from an order denying their motion for a new trial. Included in plaintiffs' motion was a motion for amended findings or for judgment notwithstanding the findings. Plaintiffs also appeal from the judgment entered upon the court's findings and conclusions of law.

The question for review is whether the evidence is sufficient to sustain the court's finding of fact that the note was not usurious or given as a part of a usurious transaction. The transaction was a loan by defendant to plaintiffs of $1,000, of which $80 was retained by defendant for interest for one year. The retention of interest for one year in advance at eight per cent is not usurious under our statute. 2 Mason Minn. St. 1927, § 7038. This is not questioned. The court could well find that the balance of $920 was fully accounted for by the payment of $600 or $620 in cash to the borrower and the application of the balance of $320 or $300 or another note or notes owing to it by them or one of them. Such payment and application is not seriously controverted.

No payment of any instalment of $83.33 is credited on the note. There is payment of $108 admitted in the answer.

Plaintiffs base their charge of usury on the claim that there was some verbal agreement or understanding that the note was to be paid in monthly instalments of $83.33, and that, when so considered, the $80 interest taken in advance amounted to more than lawful interest. The note does not provide for any monthly payments thereon. The note was a printed form used by defendant in making what is known as "Morris Plan" loans. It contains references to what is known as an "Instalment Thrift Certificate" used in making Morris Plan loans. But in the case before us the Morris Plan was not used, and no thrift certificate was issued. There is evidence that, instead of using an instalment thrift certificate, collateral security in the way of accounts payable in a mercantile business operated by one of the plaintiffs and another person was taken as security on the note. There is evidence that defendant

made loans on collateral security without the use of any thrift certificates, that such loans were not payable in instalments, and that this was not an instalment loan.

The note, being the written contract of the parties, is persuasive evidence that the loan was not payable in instalments. That, with the testimony of Viva McMillan, is sufficient to sustain the court in holding that this note was not payable in instalments and that no usury was taken.

It is argued that the failure of defendant to produce as a witness one Nichols, who was in its employ at the time the loan was made and who had charge of the making thereof, and its failure to produce certain records, should raise a presumption against defendant. The absence of Nichols, who was no longer in defendant's employ, and defendant's failure to produce the records, were sufficiently accounted for.

It is claimed that certain testimony by the two plaintiffs who were witnesses was not directly contradicted or impeached and should have been accepted by the court as true. The rule on that proposition is well known. But the testimony of these plaintiffs was opposed to the terms of the note and to the testimony of the witness McMillan and was evasive and unsatisfactory in several respects. The credibility of the testimony of the two plaintiffs was for the trial court to determine. Nothing would be gained by citing authorities on this point. Neither is it necessary to cite authorities on the question of the burden of proof or the quantum of proof required to prove usury.

Whether there was usury in the transaction was a question of fact for the trial court; and, under the familiar rule governing us in reviewing the sufficiency of the evidence to sustain findings of the trial court as to the facts, the findings here challenged are sustained by the evidence.

The order and judgment appealed from are affirmed.